IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

| | |
|---|---|
| JAMES DOYLE | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CA # 3:23-cv-00021 |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT FOR
# DISABILITY BENEFITS UNDER ERISA

### JURISDICTION AND VENUE

1. Plaintiff's claim against Defendant is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2. Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: (a) a declaration and enforcement of rights under the long-term disability insurance policy at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) a reinstatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and (f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4.  Plaintiff is a former employee of Comcast Corporation ("Comcast"). While employed there, and while covered by the Welfare Benefits Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5.  The Comcast Corporation Comprehensive Health and Welfare Benefit Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6.  The Comcast Corporation Benefits Fiduciary Committee is the Plan Administrator of the Plan.

7.  The Plan Administrator is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

8.  Metropolitan Life Insurance Company ("Comcast") was contracted by the Plan Administrator to act as fiduciary under the Plan as Claims Review Administrator.

## THE EMPLOYEE WELFARE BENEFIT PLAN

9.  At all times relevant Plaintiff was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

10. The Plan Administrator has delegated disability claims administration to the Claims Review Administrator.

11. The Employer, the Plan Administrator and MetLife are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

12. The Claims Review Administrator is responsible for conducting any ERISA mandated claim evaluation and final review rests with MetLife and with no other entity.

13. The Claims Review Administrator, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

14. MetLife is fully responsible for the payment of all claims made under the Plan.

## HISTORY OF THE CLAIM

15. Plaintiff worked for the Employer until he became disabled.

16. At all times relevant the Plaintiff has met the Plan's definition of disability.

17. The Plan provides for lost income benefits.

18. Plaintiff timely gave notice of disability and applied for long-term disability benefits under the Plan.

19. MetLife confirmed that Plaintiff met the Plan's definition of Disabled and paid LTD benefits effective June 19, 2022.

20. On October 7, 2022, the Claims Review Administrator issued an "Adverse Benefit Decision" on Plaintiff's claim for disability benefits under the Plan, terminating benefits effective immediately.

21. Plaintiff timely filed an appeal of the adverse benefit decision.

22. The Defendant affirmed its denial of Plaintiff's disability benefits by way of a letter dated December 21, 2022.

23. The Plaintiff has exhausted the administrative remedies of the Plan.

24. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

25. The Plaintiff is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

26. The Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by the Defendant; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Defendants to deny benefits.
2. That the Plaintiff is entitled to long-term disability benefits under the Plan.
3. That the Plaintiff is entitled to payment of past-due long-term disability benefits and reinstatement to monthly benefits under The Plan.
4. That the Plaintiff is entitled to payment of pre- and post-judgment interest.
5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*James Doyle*
By Counsel

_____/s/_____

Damon R. Miller | VSB #98308
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
dmiller@BenGlassLaw.com

Benjamin W. Glass, III | VSB #23152
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone

703-783-0686 fax
Ben@BenGlassLaw.com
*Counsel for Plaintiff*

5